**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLEN J. EPSTEIN,**

      **Plaintiff,**

**v.**                                                     **Case No:  6:19-cv-64-Orl-41GJK**

**DONALD J. TRUMP,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR A DEFAULT JUDGMENT (Doc. No. 8)
>
> **FILED:** April 11, 2019
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion for default judgment be **DENIED** and the Complaint be **DISMISSED WITH PREJUDICE**.

On January 11, 2019, Plaintiff Allen J. Epstein, appearing pro se, filed a Complaint naming Donald J. Trump, the President of the United States, as the Defendant. Doc. No. 1. Plaintiff alleges that Defendant "took felonious actions" before the election to hide "personally damaging information," which deprived Plaintiff "of a legitimate result from that election." *Id.* at 6. Plaintiff alleges other actions by Defendant during the election and his presidency that Plaintiff contends "caused injury to [him] as a citizen." *Id.* On April 11, 2019, Plaintiff filed a "Motion for a Default Judgment" (the "Motion"). Doc. No. 8. Plaintiff alleges that Defendant was served via certified mail, *id.*, and filed a document titled "Proof of Service," with a copy of the certified mail form,

which is not executed as having been delivered, Doc. No. 7 at 2-3. Plaintiff did not obtain a Clerk's default against Defendant.

There are three reasons why the Motion should be denied. First, Plaintiff did not obtain a Clerk's default against Defendant. Under Federal Rule of Civil Procedure 55, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010). The first step is, when a defendant fails to plead or otherwise defend, and the "failure is shown by affidavit or otherwise," then the clerk must enter a default. Fed. R. Civ. P. 55(a). The second step is that, after completion of the first step, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Thus, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (citing *Fairman v. Hurley*, 373 F. Supp. 2d 227, 231 (W.D.N.Y.2005)).

Second, Defendant was not properly served. Service of a summons on an individual within a United States judicial district may be accomplished by one of the following:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Florida law, an individual may be served with a summons by the following means: "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode

with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a) (2018). Plaintiff's service by certified mail does not comply with either the Federal Rules of Civil Procedure or the Florida Statues. Additionally, there is no indication that Defendant received the Complaint.

The third reason why the Motion should be denied is that the Court lacks jurisdiction because Plaintiff does not have standing. "[E]very court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates." *Fla. Assoc. of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999). To satisfy the constitutional requirements of standing, a plaintiff must make three showings: (1) the plaintiff suffered an injury in fact that is both (a) concrete and particularized, and (b) actual or imminent; (2) there is a causal connection between the injury and the defendant's action; and (3) it must be likely that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and footnotes omitted). *See also Church v. Huntsville*, 30 F.3d 1332, 1335 (11th Cir. 1994).

Plaintiff fails to make the first of these showings. "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In *Berg v. Obama*, 586 F.3d 234, 237 (3d Cir. 2009), the plaintiff sued the former president, alleging that President Obama was not eligible to either run for or become president. The plaintiff lacked standing because he "shared both his 'interest in proper application of the Constitution and laws,' and the objective uncertainty of Obama's possible removal, *pari passu* with all voters; and the relief he sought would have 'no more directly and tangibly benefit[ed] him than ... the public at large.'" *Id.* at 240 (quoting *Lujan*, 504 U.S. at 573–74)).

Here, Plaintiff alleges that Defendant, among other things, "took felonious actions, before the 2016 Presidential Election, to obscure from the public, certain personally damaging information, that would have negatively reflected on him—thereby decreasing the votes that would have been cast for him and depriving me of a legitimate result from that election." Doc. No. 1 at 6. Plaintiff fails to allege a harm particular to him; instead, he alleges the type of generalized grievance that does not provide standing. Without standing, the Court lacks jurisdiction.

Accordingly, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 8) and **DISMISS** the Complaint with prejudice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on April 12, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Party